UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KUCINSKY, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-1191 |
| DONNA JONES, *et al*, | ) |
| Defendants. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, files his Complaint (#1) and Motion to Certify Class (#5) on behalf of himself and All Past, Present and Future Prisoners. While plaintiff may represent himself, as a non-lawyer, he may not represent anyone other than himself. *See* 28 U.S.C. § 1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam). The Motion to Certify Class (#5) is DENIED. The Court will terminate All Past, Present and Future Prisoners as a plaintiff.

The case is now before the court for a merit review of plaintiff Kucinsky's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 complaining of numerous conditions of confinement over various dates at the Pontiac Correctional Center. The plaintiff alleges that inmates from rival gangs are celled together in segregation, and on at least three occasions he was double celled in a single cell. The plaintiff also claims there was raw sewage on the floor of his cell for 90 days, the ventilation is inadequate, there is noise 24 hours per day, lights are often left on for 24 hours, he has intermittently not had hot water in his cell, he went five days without a working toilet, and that yard time of 2 ½ hours twice weekly is inadequate. The plaintiff also complains that inmates are not given adequate clothing, the food is not nutritious, the vegetables are overcooked, he has an amputated toe and has not been given a cane to help him walk, he does not have access to mental health treatment, and that the IDOC has a policy of overusing segregation.

Even if certain conditions do not individually rise to the level of a constitutional violation, multiple unsanitary conditions "may violate the Constitution in combination when they have a 'mutually enforcing effect that produced the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)(*quoting Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The plaintiff has identified a litany of conditions relating to his confinement, specifically, raw sewage on the cell floor for 90 days and no working toilet for five days. The case will proceed accordingly on an Eighth Amendment conditions of confinement claim. To the extent that the plaintiff is attempting to bring claims for deliberate indifference to a serious medical need regarding the need for a cane for his amputated toe and/or the need for mental health treatment, those claims must be brought in a separate lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits."

The plaintiff makes specific assertions against defendant Prentiss but alleges generally that Jones, Pfister, and Melvin promulgated policies which resulted in the conditions alleged. A defendant is liable under § 1983 only if that individual personally participated in the deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005)(citations omitted). But, while there is no respondeat superior under § 1983, supervisors may be individually liable where they "kn[ew] about the unconstitutional conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Plaintiff's allegations against defendants Jones, Pfister, and Melvin state enough at this point for the case to go forward, at least until such time as the record is more fully developed.

The allegations against Drs. Tillman and McCormick will be severed as Plaintiff attempts to impermissibly join the medical claims with the conditions of confinement claims alleged against the other defendants. The Clerk is to open a new case, *Kucinsky v. Tillman*, and file a copy of this complaint in that case. Plaintiff will have 30 days thereafter in which to amend his complaint to allege deliberate indifference to a serious medical need against Defendants Tillman and McCormick, without reference to the claims in this complaint. The severed case is to be given a new case number and assigned in the normal course. If Plaintiff wishes to proceed *in forma pauperis* in the severed case, he must file a separate petition. If Plaintiff does not wish to proceed on the severed case and incur the additional filing fee, he may dismiss the new case within 30 days and avoid the filing fee.

The plaintiff makes no allegations at all against Wexford and Director Baldwin, and they will be dismissed. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)(merely naming a defendant in the caption is insufficient to state a claim).

IT IS THEREFORE ORDERED:

1.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for conditions of confinement against defendants Prentiss, Jones, Pfister, and Melvin. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Defendants Tillman and McCormick are DISMISSED.

2. The clerk is to open a new case, *Kucinsky v. Tillman*, file this order in the new case and assign in the normal course. Plaintiff will have thirty (30) days thereafter in which to file an amended complaint as to the deliberate indifference claim or to dismiss the newly severed case in the event he does not wish to incur a second filing fee.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to terminate Dr. McCormick, Dr. Andrew Tillman, Wexford Health Source, Inc., and John Baldwin as defendants.

13. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

14. Plaintiff's motion for counsel (#4) is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience.

Entered this 11th day of July, 2016.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE