IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CHARLES KUCINSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-01191-SLD |
| v. | ) | |
| | ) | The Honorable Sara Darrow |
| SUSAN PRENTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT

NOW COMES Plaintiff, CHARLES KUCINSKY, by and through his attorneys OLIVIA ROMANO and BENJAMIN COOK, and in his Response in Opposition to Defendants' Motion to Enforce Settlement, states as follows:

1. On July 15, 2021, pursuant to client authorization, counsel for Plaintiff agreed to a settlement amount *in principle*. *See* Exhibit A filed under seal to Defs. Mot.

2. However, from July 15, 2021 through March 1, 2022, the parties were actively negotiating the material terms of and exchanging revisions on a formal Settlement Agreement. *Id.*

3. Indeed, these material terms involved *who* the check would be made out and *where* the check would be sent. *Id.*

4. On April 26, 2022, and May 12, 2022, counsel for Defendants suggested that sending the check directly to Plaintiff would be "easiest," as opposed to sending the check to Plaintiff's counsels' firms or directly to Plaintiff's preferred charity. *Id.*

5. Additionally, on April 26, counsel for Defendants did not know whether there would be an issue with the check being made out to a charity. *Id.*

1

6. Plaintiff's counsel generally agreed that issuing a check directly to Plaintiff would be the easiest option, however, they had not yet received client approval on those material terms and sought to speak with their client. *Id.*

7. While a firm change had caused delay in speaking to their client, the delay did not lessen the materiality of the terms.

8. *Who* and *where* the check would be sent to constituted material terms because:

   i. Plaintiff wanted to ensure his check was donated to a specific charity; and

   ii. Plaintiff was fearful that if the check were made out, sent directly to him at an Illinois Department of Corrections facility, or otherwise put into his prison account, that Defendants or other prison officials may be able to access and offset the amount.

9. Plaintiff's wish to ensure that the full amount of his settlement money was donated to his facility of choice was at the "heart of [the] settlement." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007).

10. As Plaintiff was not comfortable with Defendants' counsel's terms surrounding his settlement check, and as Defendants' counsel was unable to confirm whether sending his settlement money to a charity would be an issue, Plaintiff did not feel as though the settlement would adequately compensate him.

11. The email correspondence between the parties shows that the check terms were an important component of the overall settlement and without them, Plaintiff's settlement money would be indefinite. *Id. See also Simmons v. Collection Prof'l, Inc.*, No. 09–cv–1198, 2010 WL 2663100, at *2 (C.D. Ill. June 25, 2010) (finding no settlement agreement was reached where the parties did not agree on the scope of the release and that term was material); *IMI Norgren, Inc. v.*

*D & D Tooling Mfg., Inc.*, 306 F.Supp.2d 796, 802 (N.D.Ill.2004) (finding no settlement agreement was reached where, among other reasons, the plaintiff accepted the defendant's offer of $300,000 to be paid $30,000 up front and the remaining $270,000 over nine years but that the note would be subject to some security from the defendant because security was a material term and the term security was too indefinite).

WHEREFORE, because the parties had not agreed to the material terms of their settlement agreement, the Court should deny Defendants' Motion to Enforce Settlement and grant Plaintiff's Motion to Reopen this matter.

Respectfully Submitted,

By:    /s/ *Olivia M. Romano*
       Olivia M. Romano
       **ESBROOK P.C.**
       321 N. Clark St., Suite 1930
       Chicago, IL 60654
       312-588-3375
       olivia.romano@esbrook.com
       www.esbrook.com

       ***One of the Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sent notification of the same to all counsel of record.

    /s/ *Olivia M. Romano*
Olivia M. Romano
ESBROOK P.C.
321 N. Clark St., Suite 1930
Chicago, IL 60654
312-588-3375
olivia.romano@esbrook.com
www.esbrook.com